Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone:  (925) 487-5607
Email: *seth@sethwienerlaw.com*

Attorney for Plaintiff
RICHARD KATZMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KATZMAN; | Case No.: 5:20-cv-4495 |
| Plaintiff, | **COMPLAINT** |
| v. | **[JURY TRIAL DEMANDED]** |
| SYNCHRONY BANK; TRANSUNION CORP.; EXPERIAN INFORMATION SERVICES, INC.; EQUIFAX INC.; and DOES 1 through 10; | |
| Defendants. | |

Plaintiff Richard Katzman ("Plaintiff" or "Katzman") for his Complaint against Defendants Synchrony Bank, Transunion Corp., Experian Information Services, Inc., Equifax Inc., and Does 1 through 10 (collectively, "Defendants") makes the allegations below.

**INTRODUCTION**

1.      This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25, and the California Identity Theft Act, California Civil Code §§ 1798.92-1798.97.  Plaintiff is a victim of identity theft, and seeks redress for the unlawful and deceptive practices committed by Defendants in connection with their inaccurate reporting of Plaintiff's purported debt.

**PARTIES**

2.      Plaintiff is an individual resident in the County of Santa Clara, State of California.

3.      Plaintiff is informed and believes, and thereon alleges, that Synchrony Bank is a corporation incorporated under the laws of the United States, and that its agent for service of process is

Complaint – Page 1

1   CT Corporation, located at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

2        4.     Plaintiff is informed and believes, and thereon alleges, that Transunion Corp. is a

3   corporation incorporated under the laws of the State of Delaware, and that its agent for service of

4   process is United States Corporation Company, located at 2710 Gateway Oaks Drive, Suite 150N,

5   Sacramento, CA 95833.

6        5.     Plaintiff is informed and believes, and thereon alleges, that Experian Information

7   Solutions, Inc. is a corporation incorporated under the laws of the State of Ohio, and that its agent for

8   service of process is CT Corporation System, located at 475 Anton Blvd., Costa Mesa, CA 92626.

9        6.     Plaintiff is informed and believes, and thereon alleges, that Equifax Inc. is a corporation

10   incorporated under the laws of the State of Georgia, and that its agent for service of process is The

11   Prentice-Hall Corporation System, Inc. located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento,

12   CA 95833.

13        7.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

14   Does 1 through 10, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend

15   this Complaint to allege their true names and capacities when ascertained.

16        8.     At all times relevant herein, and at the time of the transactions complained of, each of

17   the Defendants were the agent and employee of each of the remaining Defendants, and in doing the

18   things hereinafter alleged, was acting within the scope of such agency.

19   **JURISDICTION**

20        9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1337, and

21   1367, and 15 U.S.C. § 1681.

22   **VENUE**

23        10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because: (i) Plaintiff

24   resides in the County of Santa Clara, State of California, which is within this judicial district; (ii) the

25   conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted

26   business within this judicial district at all times relevant.

27   **THE FAIR CREDIT REPORTING ACT**

28        11.    The United States Congress has found that the banking system is dependent upon fair

and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

## **FACTUAL ALLEGATIONS**

12.    On or about October 10, 2019, Plaintiff discovered that an unauthorized PayPal Credit Account ending in 1458 (hereafter, "Account 1458") had been opened under his name with Synchrony Bank, and that purchases, cash advances, and adjustments totaling $806.32 had made been made to Account 1458.

13.    Katzman promptly informed Synchrony Bank that Katzman had not authorized Account 1458.

14.    On October 16, 2019, the Fraud Department at Synchrony Bank sent a letter to Katzman thanking Katzman for notifying Synchrony Bank of the unauthorized Account 1458, and stating that Synchrony Bank had taken the following actions: "1. Immediately closed the account for your protection and to prevent any additional unauthorized charges[;] 2. Notified the credit reporting agencies to remove this account from your Credit Bureau Report[;] 3. Flagged your information in our system to prevent additional accounts from being opened with in your name without additional verification[;] Assigned your case to a fraud investigator[.]"

15.    In or about April 2020, Plaintiff discovered that a second unauthorized PayPal Credit Account ending in 1887 (hereafter, "Account 1887") had been opened under his name with Synchrony Bank, and that purchases, cash advances, and adjustments totaling $1,442.00 had been made to Account 1887.

16.     On April 16, 2020, Katzman's attorney sent a letter to Synchrony Bank stating that Katzman had not authorized Account 1887, and requesting that Synchrony Bank close Account 1887 and notify the credit reporting agencies to remove Account 1887 from his Credit Bureau Report.

17.     Synchrony Bank did not respond to the April 16, 2020 letter from Katzman's attorney, and has not closed Account 1887 and has not notified the credit reporting agencies to remove Account 1887 from Katzman's Credit Bureau Report.

18.     Katzman's Credit Bureau Report, dated April 16, 2020, incorrectly reported a $1,442 account balance on Account 1887.

19.     In Spring 2020, Plaintiff disputed the inaccurate reporting of Account 1887 on his Credit Bureau Report with Transunion Corp., Experian Information Services, Inc., and Equifax Inc.

20.     Transunion Corp., Experian Information Services, Inc., and Equifax Inc. failed to conduct a reasonable investigation and continued to falsely report misleading and inaccurate information regarding Account 1887.

**FIRST CAUSE OF ACTION**
**Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)**
**(Against All Defendants)**

21.     Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

22.     15 U.S.C. § 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and/or correct inaccurate information after being notified by a consumer reporting agency of a furnisher.  Synchrony Bank violated 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation and re-reporting false and misleading information concerning a $1,442 balance on Account 1887.

23.     After Plaintiff disputed Account 1887, Defendants Transunion Corp., Experian Information Services, Inc., and Equifax Inc. were required to conduct a reasonable investigation and to delete any information that was not accurate.  Defendants Transunion Corp., Experian Information Services, Inc., and Equifax Inc. failed to correct the misleading and/or inaccurate statements on Account 1887 within the statutory time frame or at all.

Complaint – Page 4

24.     The foregoing acts and omissions constitute multiple violations of the FCRA.

25.     As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

26.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

**SECOND CAUSE OF ACTION**
**Violation of California Consumer Credit Reporting Agencies Act,**
**California Civil Code § 1785.25(a)**
**(Against Synchrony Bank and Does 1-10)**

27.     Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

28.     Defendant Synchrony Bank intentionally and knowingly reported misleading and inaccurate account information to Defendants Transunion Corp., Experian Information Services, Inc., and Equifax Inc. in violation of California Civil Code § 1785.25(a).

29.     Defendant Synchrony Bank had reason to know that the information reported on Account 1887 was misleading and inaccurate.

30.     As a direct and proximate result of Defendant Synchrony Bank's willful and untrue communications, Plaintiff has suffered actual damages.

**THIRD CAUSE OF ACTION**
**Violation of California's Identity Theft Act, California Civil Code §§ 1798.92-1798.97**
**(Against Synchrony Bank and Does 1-10)**

31.     Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

32.     Plaintiff is a victim of identity theft as his personal identifying information has been used without his authorization to obtain credit, goods, services, money, or property.

33.     Defendant Synchrony Bank failed to diligently investigate Plaintiff's notification of identity theft.

34.     Plaintiff seeks a declaration that he has no obligation to Synchrony Bank.

35.     Plaintiff requests actual damages, attorney's fees, and costs, and any equitable relief that the Court deems appropriate, as well as a civil penalty up to $30,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.      An award of actual damages, in an amount to be determined at trial or damages of a maximum of $ 1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

2.      An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

3.      An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.25(g);

3.      An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

4.      An award of civil penalties up to $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);

5.      An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

6.      An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance to the FCRA;

7.      An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

8.      An award of attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);

9.      For a judicial declaration that Plaintiff has no obligation to Synchrony Bank;

10.     For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and

11.     Any and all other relief the Court deems just and proper.

Complaint – Page 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR TRIAL BY JURY**

Plaintiff Richard Katzman demands a trial by jury on all claims so triable.

Dated:  July 7, 2020                                    LAW OFFICES OF SETH W. WIENER

By:_____
                     Seth W. Wiener
                     Attorneys for Plaintiff
                     Richard Katzman

Complaint – Page 7